UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Gwendolyn J. Applequist,

       Plaintiff,

v.

HireRight, Inc.,

       Defendant.

**COMPLAINT**
**WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

1. This action for damages is based on Defendant's false reporting on Plaintiff's criminal background report for employment purposes, and Defendant's failures to follow reasonable procedures in preparing such report.

## PARTIES

2. Plaintiff Gwendolyn J. Applequist is natural person who resides in the city of Arden Hills, County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

3. Defendant HireRight, Inc., does business in Minnesota and is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

4. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

5. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and Defendant "reside[s]" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

6. In or about February, 2010, Plaintiff applied for a job at 3M.

7. Plaintiff had lost her prior job, and had been looking for work for about six months.

8. The 3M job would have been Plaintiff's dream job.

9. Plaintiff was offered the 3M job, contingent on the completion of a criminal background check.

10. On or about March 9, 2010, HireRight transmitted a criminal background report on Plaintiff.

11. HireRight did not at that time notify Plaintiff of the fact that it was reporting public information on her to 3M.

12. On or about March 10, 2010, Plaintiff was told that the 3M job would not be offered to her because of a felony conviction appearing in HireRight's criminal background report on her.

13. The indication of a felony conviction in HireRight's criminal background report on Plaintiff was false.

14. Plaintiff has never been charged with or convicted of a felony.

15. Plaintiff obtained a copy of the report HireRight had made on her.

16. In addition to the false felony conviction, there were two false misdemeanor convictions in HireRight's criminal background report on Plaintiff.

17. All three false criminal cases in HireRight's criminal background report on Plaintiff were against one criminal defendant, who is not Plaintiff.

18. The identifying information for that defendant in the public record for those three cases does not match Plaintiff's first name, middle name, last dame, month of birth, day of birth, year of birth, or gender.

19. Plaintiff had absolutely nothing to do with any of those three cases and had no knowledge of them prior to learning of their inclusion in HireRight's criminal background report on Plaintiff.

20. HireRight's criminal background report on Plaintiff falsely indicated that the three cases were in Ramsey County, Minnesota.

21. The three cases were in Dakota County, Minnesota.

22. Plaintiff immediately disputed to HireRight.

23. Before the false information was removed from HireRight's file on Plaintiff, the position at 3M was filled.

24. Plaintiff remains out of work.

25. As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages, including without limitation loss of employment, out-of-pocket expenses, and emotional distress.

## TRIAL BY JURY

26. Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I:
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)

27. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

28. Defendant willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer report.

29. As a result of Defendant's violations of § 1681e(b), Plaintiff has suffered actual damages, including without limitation loss of employment, out-of-pocket

expenses, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

30. Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

31. Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II:
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681k

32. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

33. Defendant willfully and/or negligently violated 15 U.S.C. § 1681k by failing to either: provide notice to Plaintiff at the time that it was reporting public information on her to 3M; or maintain strict procedures to insure that the information it reported on Plaintiff was complete and up to date.

34. As a result of Defendant's violations of § 1681k, Plaintiff has suffered actual damages, including without limitation loss of employment, out-of-pocket expenses, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

35. Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

36. Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT III:
### DEFAMATION

37. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

38. Defendants' foregoing actions and omissions, including but not limited to reporting errors on Plaintiff's consumer reports, constitute defamation.

39. Defendants' foregoing actions and omissions were intentional and malicious.

40. As a result of Defendants' intentional and malicious defamation, Plaintiff has suffered actual damages, including without limitation loss of employment, out-of-pocket expenses, and emotional distress.

### COUNT IV:
### NEGLIGENCE

41. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

42. Defendants' foregoing actions and omissions constitute a breach of Defendants' duty to Plaintiff.

43. Defendants' foregoing actions were intentional and malicious.

44. As a result of Defendants' intentional and malicious negligence, Plaintiff has suffered actual damages including without limitation loss of employment, out-of-pocket expenses, and emotional distress.

## **WHEREFORE,**

Plaintiff prays that judgment be entered against these Defendants for:

a.) Plaintiff's actual damages;

b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

d.) Such other and further relief as may be just and proper.


Dated:     4/9/10                                **GOOLSBY LAW OFFICE, LLC**

By:         s/John H. Goolsby
John H. Goolsby, #0320201
2021 East Hennepin Avenue, Suite 195
Minneapolis, MN 55413
Telephone: (612) 331-8700
jgoolsby@goolsbylawoffice.com
**Attorney for Plaintiff**